IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREGORY A. STANFILL                                                              PLAINTIFF

V.                       CASE NO. 1:17-CV-01040

CAPTAIN MITCHAM                                                                  DEFENDANT

## **ORDER**

Before the Court is Plaintiff Gregory A. Stanfill's failure to obey an order of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on June 6, 2017. ECF No. 1. That same day, the Court directed Plaintiff to submit a completed *in forma pauperis* ("IFP") application with a certification regarding inmate funds held in his name by June 21, 2017. ECF No. 3. The order also informed Plaintiff that failure to apprise the court of an address change may result in the dismissal of this case. Plaintiff did not respond to the Court's order. Although the mail sent to Plaintiff was not returned as undeliverable, the Court researched the Arkansas Department of Correction's ("ADC") website and found Plaintiff had been transferred to the ADC – North Central Unit in Calico Rock, Arkansas.

On July 27, 2017, the Court entered an order directing Plaintiff to show cause by August 14, 2017, as to why he failed to submit a completed IFP application. ECF No. 7. The order also instructed the Clerk to resend the 1983 Prisoner Litigation Guide and Privacy Act Information, a blank IFP Application, Complaint Referred (ECF No. 1), Order Provisionally Filing Complaint (ECF No. 3), Magistrate Notice/Consent Furnished (ECF No. 4), and Order to Show Case (ECF No. 6) to Plaintiff's new address. ECF No. 7. Plaintiff was again advised that his failure to respond

within the required period of time may result in dismissal of his case. To date, Plaintiff has not responded to the second order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to inform the Court of his current address and has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge